UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVEN LEVI WILLIAMSON,<br><br>   Plaintiff,<br><br>   v.<br><br>SANTA BARBARA COUNTY MUNICIPALITIES, et al.,<br><br>   Defendants. | Case No. CV 14-6593-UA (KK)<br><br>ORDER DISMISSING COMPLAINT WITH<br>LEAVE TO AMEND |

On August 21, 2014, Plaintiff Daven Levi Williamson, an inmate at Santa Barbara County Jail proceeding *pro se*, lodged a Complaint in this Court pursuant to 42 U.S.C. § 1983. On September 15, 2014, the Court issued an Order granting Plaintiff's request for leave to proceed *in forma pauperis*. After screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court dismisses it with leave to amend.

1

# I.

## SUBSTANCE OF THE COMPLAINT

The Complaint is 49 pages long, and contains multiple attachments and a table of contents. See ECF Nos. 1-1, 1-2. To the extent the Court can understand the Complaint, Plaintiff is suing the following defendants in their official capacity: Santa Barbara County Jail; Santa Barbara County Sheriff Bill Brown; Superior Court Judge Brian Hill; attorney David M. Bixby; Lieutenant Warren (no first name given); Sergeant Phillips (no first name given); and numerous employees of Santa Barbara County. See ECF No. 1-1, at 3-4. Plaintiff alleges multiple illegal activities by the defendants, including, *inter alia*, illegally searching Plaintiff, failing to provide him with adequate health services, obstructing his religious freedom, poisoning his food, and tampering with his mail. Id. at 5.

# II.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2), this Court "must dismiss a prisoner's *in forma pauperis* case at any time if the Court determines that the action is (I) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (citation and internal quotation marks omitted).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation and internal quotation marks omitted). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it.

Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011).  However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation and internal quotation marks omitted).

A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and internal quotation marks omitted); see also Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[F]actual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.").  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Cook, 637 F.3d at 1004 (citation and internal quotation marks omitted). "[T]o be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr, 652 F.3d at 1216.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citations and internal quotation marks omitted).  "[W]e have an obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted).

## III.

## DISCUSSION

**A.     The Complaint Violates Rule 8 and Fails to State a Claim.**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[E]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). Rule 8 "has been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling." Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011) (citation and internal quotation marks omitted). See also McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (upholding a Rule 8 dismissal of a complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). The requirement that each averment be "simple, concise, and direct" applies "to good claims as well as bad." Id. at 1179. Failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint, even if the claims are not found to be "wholly without merit." Id.

Plaintiff's Complaint fails to comply with Rule 8. It is argumentative, excessively long, and very confusing. For example, at one point, apropos of nothing, Plaintiff mentions that the moral fabric of society "has been deteriorating at a rate unprecedented in the history of mankind." ECF No. 1-1, at 21. At another point, Plaintiff offers the Court, "free of charge," his "intellectual and spiritual services." Id. at 6.

The Complaint is so confusing that it not only violates Rule 8, but fails "to give fair notice and to enable the opposing part[ies] to defend [themselves] effectively." Starr, 652 F.3d at 1216. "Despite all the pages, requiring a great deal of time for perusal, one cannot determine from the complaint who is being sued, for

what relief, and on what theory, with enough detail to guide discovery." McHenry, 84 F.3d at 1178. Therefore, the Complaint must be dismissed for failing to comply with Rule 8.

If Plaintiff wishes to file an amended complaint, he must **clearly and concisely state (1) who he is suing; (2) what relief he is seeking from each defendant; (3) on what legal theory or theories he is suing *each* defendant; and (4) enough factual allegations to support each legal theory.**

### B.  Plaintiff Fails to State a Claim Against Defendants in Their Official Capacity.

Plaintiff is suing all of the defendants in their official capacity, rather than in their individual capacity. An individual-capacity suit seeks "to impose personal liability upon a government official for actions he takes under color of state law." Kentucky v. Graham, 473 U.S. 159, 165, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) (citations omitted). To state a claim against an official in his individual capacity under 42 U.S.C. § 1983, a plaintiff must allege that the official, acting under color of law, "caused the deprivation of a federal right." Id. at 166 (citation omitted).

In contrast, an official-capacity suit seeks to impose liability upon the "entity of which an [official] is an agent." Id. (citations and internal quotation marks omitted). To state a claim against an official in his official capacity under section 1983, a plaintiff must allege not only that the official, acting under color of law, caused the deprivation of a federal right, but that the entity of which the official is an agent has a "policy or custom" which was a "moving force" behind the deprivation. Id. (citing Monell v. New York City Dep't of Soc. Svcs., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)) (internal quotation marks omitted).

5

If Plaintiff wishes to sue defendants in their official capacity, Plaintiff must **clearly and concisely allege (1) how each official violated Plaintiff's rights; (2) what policy or custom of Santa Barbara County the official was executing when he violated Plaintiff's rights; and (3) sufficient facts to support the existence of that policy or custom.**

### C.     Plaintiff Fails to State a Claim Against Municipal Entities.

Plaintiff is suing "Santa Barbara County Municipalities," including apparently the County's jail and Sheriff's Department. See ECF No. 1-1, at 3. Municipalities and other local government units may only be held liable under section 1983 for violations of constitutional rights that arise from an official policy or longstanding custom. Monell, 436 U.S. at 694. A plaintiff seeking to hold a municipal entity liable must allege that the entity's policy or custom caused a violation of his constitutional rights. See Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." Id.

A plaintiff may also establish municipal liability by demonstrating that the alleged constitutional violation was caused by a failure to train municipal employees adequately. See City of Canton v. Harris, 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). To state a failure-to-train claim, a plaintiff must allege that (1) he was deprived of a constitutional right; (2) the municipality had a training policy that amounts to deliberate indifference to the constitutional rights of persons with whom officials are likely to come into contact; and (3) his constitutional injury would not have happened had the municipality properly trained

those officials. <u>Blankenhorn v. City of Orange</u>, 485 F.3d 463, 484 (9th Cir. 2007).

Plaintiff has failed to clearly identify any official policy or longstanding custom of the municipal entities that he is suing. Plaintiff has also failed to explain how any such policy or custom has caused a violation of his constitutional rights. Therefore, Plaintiff has failed to state a claim against the municipal entities.

**D.     Plaintiff Fails to State a Claim Against Defendant Bixby.**

Plaintiff appears to be suing a non-government employee, attorney David M. Bixby, for providing inadequate legal representation. Assuming Bixby is a private party, Plaintiff's claim against him fails. To be held liable under section 1983, a person must be acting under color of state law. <u>See</u> <u>Graham</u>, 473 U.S. at 165. "[P]rivate parties are not generally acting under color of state law." <u>Price v. Hawaii</u>, 939 F.2d 702, 707-08 (9th Cir. 1991). To overcome the presumption that Bixby was not acting under color of state law, Plaintiff "must allege facts tending to show" otherwise. <u>DeGrassi v. City of Glendora</u>, 207 F.3d 636, 647 (9th Cir. 2000). Here, Plaintiff has not alleged any facts showing that Bixby acted under color of state law. Therefore, Plaintiff has failed to state a claim against defendant Bixby.

## IV.
## CONCLUSION

Plaintiff is granted **30 days** from the date of this Order within which to file a First Amended Complaint. The First Amended Complaint shall bear the designation "First Amended Complaint" and the case number assigned to this case ("CV 14-6593-UA-KK"). The First Amended Complaint must cure the defects described in this Order. If Plaintiff files a First Amended Complaint, his previous complaint will be treated as non-existent. Therefore, the First Amended Complaint

shall not refer in any manner to the instant Complaint; the First Amended Complaint **must be complete in itself and not require any prior knowledge of Plaintiff's case.**

     Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described above, may result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b). Alternatively, Plaintiff may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  A Notice of Dismissal Form is attached for Plaintiff's convenience.

     **The Court warns Petitioner that failure to timely file and serve a response as directed in this Order will result in a recommendation that this action be dismissed without prejudice, for failure to prosecute and/or failure to obey court orders.**

     IT IS SO ORDERED.

DATED:  September 26, 2014

                                  HON. KENLY KIYA KATO
                                  UNITED STATES MAGISTRATE JUDGE